UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA, LAFAYETTE DIVISION

| | | |
|---|---|---|
| **DARION M. BLANCHARD** | | |
| **AND TYRONE BATISTE** | * | **CIVIL ACTION NO.:** |
| | * | **NO. 6:25-CV-01871-RRS-CB** |
| **Plaintiffs,** | * | |
| **VERSUS** | * | **DISTRICT JUDGE:** |
| | * | **JUDGE ROBERT B. SUMMERHAYS** |
| | * | |
| **VALDEZ TRANSPORTS, INC. AND** | * | |
| **ALAN G. RAMOS ROCHA** | * | **MAGISTRATE:** |
| | * | **CAROL B. WHITEHURST** |
| **Defendants.** | * | |
| | * | |

## ANSWER TO PETITION FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, come Defendants, **VALDEZ TRANSPORTS, INC.** and **ALAN G. RAMOS ROCHA** (collectively referred to as "Defendants"), who hereby answers and/or otherwise responds to the Petition for Damages filed by the Plaintiffs, **DARION M. BLANCHARD** and **TYRONE BATISTE** ("Plaintiffs"), as follows:

I.

The allegations contained in Paragraph 1 of the Petition for Damages contain factual and legal conclusions regarding ownership of the 2025 International truck, employment, and status that do not require a response from Defendants. To the extent a response is required, Defendants admit that Valdez Transports, Inc. is a California corporation with its principal business office in San Diego, California.

II.

The allegations contained in Paragraph 2 of the Petition for Damages contain factual and legal conclusions regarding employment and status that do not require a response from Defendants. To the extent a response is required, Defendants admit that Alan G. Ramos is a citizen of Mexico.

III.

The allegations contained in Paragraph 3 of the Petition for Damages are denied.

IV.

The allegations contained in Paragraph 4 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

V.

The allegations contained in Paragraph 5 contain legal conclusions for which no answer is required.  To the extent that an answer is required, the allegations are denied for lack of sufficient information to justify a belief therein.

VI.

The allegations contained in Paragraph 6 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

VII.

The allegations contained in Paragraph 7 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

VIII.

The allegations contained in Paragraph 8 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

IX.

The unnumbered paragraph beginning "WHEREFORE" is a prayer for relief that does not contain any allegations. To the extent a response is deemed necessary, the allegations contained in said paragraph are denied. Defendants expressly deny any liability to Plaintiffs.

## JURY DEMAND

Defendants demand a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## AFFIRMATIVE DEFENSES

**NOW FURTHER RESPONDING** to the allegations made in the Petition for Damages, Defendants assert the following affirmative defenses:

## FIRST DEFENSE

Plaintiffs possess no right of action against Defendants.

## SECOND DEFENSE

Plaintiffs have failed to state a claim or cause of action against Defendants upon which relief can be granted.

## THIRD DEFENSE

Defendants affirmatively plead that Plaintiffs' alleged damages, if any (which are denied), were not caused as a result of any alleged fault of Defendants and the occurrence of said alleged injuries must be proven by Plaintiffs with specificity.

## FOURTH DEFENSE

In the alternative, Defendants affirmatively plead that the damages alleged, if any (which are denied), were caused, in whole or in part, by the fault and neglect of third parties, other named

Defendants, non-parties whom Plaintiffs have failed to join, or other unknown actors for whom Defendants are not responsible.

### FIFTH DEFENSE

In the alternative, Defendants affirmatively plead that the damages alleged, if any (which are denied), were caused, in whole or in part, by the fault and neglect of Plaintiffs and any damages sustained by Plaintiffs must be reduced by comparative fault or contributory negligence.

### SIXTH DEFENSE

In the alternative, Defendants affirmatively plead that the damages alleged, if any (which are denied), were caused, in whole or in part, by the fault and neglect of Plaintiff Blanchard and any damages sustained by Plaintiffs must be reduced by comparative fault per La. C.C. art. 2323, in the following non-exclusive particulars:

a. Failing to see what he should have seen;
b. Failing to exercise reasonable care under the circumstances prevailing at the time of the accident;
c. Failing to take proper precautions to avoid the accident;
d. Failing to do any act by which the incident made basis of this litigation could have been avoided;
e. Failing to be attentive to his surroundings and act accordingly in a prudent and cautious manner; and
f. Other actions, errors, omissions and/or fault to be shown at the time of trial.

Defendants affirmatively plead that the incident described in the Petition for Damages was caused by unforeseen and/or unforeseeable circumstances for which Defendants cannot be held responsible and/or liable to Plaintiffs.

### SEVENTH DEFENSE

Defendants affirmatively plead the injuries allegedly sustained by Plaintiffs (which are denied) pre-existed the incident described in the Petition for Damages and, thus, Defendants cannot be held responsible or liable.

4

## EIGHTH DEFENSE

Defendants affirmatively plead that Plaintiffs' alleged damages, if any (which are denied), occurred solely and/or proximately as a result of superseding and intervening causes.

## NINTH DEFENSE

Defendants affirmatively plead that Plaintiffs have failed to minimize, avoid, or mitigate his alleged injuries and damages, despite having a continuing duty to do so.

## TENTH DEFENSE

Defendants, without admitting any liability and expressly denying all liability, affirmatively plead their entitlement to an offset and/or credit for any payment or other consideration received by the plaintiff from any source for the damages alleged against Defendants.

## ELEVENTH DEFENSE

Defendants are entitled to, and hereby request, credit and/or offset of any attorney-negotiated discounts and/or adjustments pursuant to *Hoffman v. 21st Century North America Ins. Co.,* 2014-c-2279 (La. 10/2/15), 2015 WL 6776131.

## TWELFTH DEFENSE

To the extent that Plaintiffs' medical expenses may be covered by a healthcare provider, Defendants plead the provisions of the Balanced Billing Act, La. R.S. 22:1874(A)(2) that prohibits and precludes collection, and even the billing, of charges in excess of the provider's contracted rate with a health insurer.

## THIRTEENTH DEFENSE

Defendants, without admitting any liability and expressly denying all liability, affirmatively plead their entitlement to an offset and/or credit for any payment or other consideration received by Plaintiffs from any source for the damages alleged against Defendants,

5

including but not limited to, a credit and/or offset of any Medicaid discounts and/or adjustments pursuant to *Bozeman v. State of Louisiana,* 879 So.2d 692, 2003-1016 (La. 7/2/04).

### FOURTEENTH DEFENSE

This action and/or relief sought by Plaintiffs against Defendants is or may be barred, in whole or in part, due to additional affirmative defenses that cannot now be articulated by Defendants; as such, Defendants reserve their rights to supplement this answer and raise additional defenses as may become applicable upon further amplification of Plaintiffs' claims and discovery of information presently unknown to Defendants.

### FIFTEENTH DEFENSE

Defendants, without admitting any liability and expressly denying all liability, affirmatively plead that the alleged damages sustained by Plaintiffs were the result of Plaintiffs' voluntary and knowing assumption of the risks.

### SIXTEENTH DEFENSE

This action and/or relief sought by Plaintiffs against Defendants is or may be barred, in whole or in part, due to additional affirmative defenses that cannot now be articulated by Defendants; as such, Defendants reserves their rights to supplement this answer and raise additional defenses as may become applicable upon further amplification of Plaintiffs' claims and discovery of information presently unknown to Defendants.

**WHEREFORE**, Defendants, **VALDEZ TRANSPORTS, INC.** and **ALAN G. RAMOS ROCHA**, pray that their Answer and Affirmative Defenses be deemed good and sufficient and, after all due proceedings are had, there be judgment herein in Defendants' favor and against Plaintiffs, dismissing Plaintiffs' claims with prejudice and at Plaintiffs' cost, and for all other just and equitable relief as the law may provide and this Honorable Court is competent to grant.

6

Respectfully submitted,

**MELCHIODE MARKS KING LLC**


/s/ Janny L. Meza
**MATTHEW R. FRANSEN (#26286)**
**JANNY L. MEZA (#41004)**
639 Loyola Avenue, Suite 1800
New Orleans, Louisiana 70113
Telephone: (504) 336-2880
Facsimile: (504) 336-2342
Email: mfransen@mmkfirm.com
          jmeza@mmkfirm.com
*Attorneys for Defendants, Valdez Transports, Inc.*
*and Alan G. Ramos Rocha*


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing pleading was this day filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record via certified mail, return receipt requested, in accordance with the Federal Rules of Civil Procedure, on this 18th day of December 2025.


/s/ Janny L. Meza
**JANNY L. MEZA**


7